UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARIE GREGORETTI,

                                       Plaintiff,

     -against-

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

                                       Defendant.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
2:23-cv-06845 (JMA)

FILED
CLERK
3:10 pm, Mar 07, 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

        Before the Court is an appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 et seq. (the "SSA"). Plaintiff Marie Gregoretti challenges final determinations by the Commissioner of the Social Security Administration (the "Commissioner") that she is ineligible to receive Social Security disability insurance benefits. (See Compl., ECF No. 1.) Presently before the Court are the parties' cross-motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings. (ECF Nos. 8 & 9.) Upon consideration of the administrative record and the reasons set forth herein, the Court GRANTS Plaintiff's motion and DENIES Defendant's cross motion for judgment on the pleadings. The case is remanded the Commissioner for further proceedings.

                              **I.     BACKGROUND**

        On April 9, 2021, Plaintiff filed for disability insurance benefits under Title II of the SSA alleging disability due degenerative joint disease of the bilateral knees, degenerative disc disease of the lumbar spine, and obesity, with a disability onset date of July, 1, 2020. (ECF No. 11, Administrative Transcript ("Tr.") 10, 13). Plaintiff's applications were denied initially on August 9, 2021, and then on upon reconsideration on December 17, 2021. (Tr. 10, 13.) Subsequently, Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Andrew Weiss on May 27, 2022. (Tr. 9.) On June 28, 2022, ALJ Weiss found that Plaintiff was not disabled

within the meaning of the SSA. (Tr. 10-19.)  On July 19, 2023, the Social Security Administration Appeals Council denied Plaintiff's request for review.  (Tr. 1.)  ALJ Weiss' decision is the final decision of the Commissioner, subject to review under 42 U.S.C. § 405(g).  (Tr. 1.)

On September 14, 2023, Plaintiff appealed the final decision of the Commissioner by filing the instant complaint.  (See Compl.)  On May 30, 2024, the parties filed cross-motions for judgment on the pleadings. (ECF Nos. 8 & 9.)

## II.     LEGAL STANDARDS

### A.     Social Security Disability Standard

To qualify for disability benefits under Title XVI, an individual must be (i) insured for disability benefits; (ii) not have attained retirement age; (iii) be a U.S. citizen or a foreign national under certain circumstances not relevant here; and (iv) have a "disability." 42 U.S.C. § 423(a)(1). The SSA defines "disability" to mean that an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Additionally, the impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Social Security Administration has promulgated implementing regulations prescribing a five-step analysis for ALJs to follow to determine if a claimant is eligible for disability benefits. See 20 C.F.R. § 404.1520.  The Second Circuit summarizes that analysis as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Commissioner next considers whether the claimant has a 'severe impairment' which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the

claimant has such an impairment, the Commissioner will consider him disabled without considering vocational factors such as age, education, and work experience .... Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant can perform.'

Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012). "The applicant bears the burden of proof in the first four steps of the sequential inquiry; the Commissioner bears the burden in the last.") Talavera, 697 F.3d 145 at 152 (2d Cir. 2012); Williams v. Comm'r of Soc. Sec., No. 20-CV-02665, 2021 WL 4690794, at *1 (E.D.N.Y. Oct. 7, 2021) (similar).

**B.      Standard of Review**

"The Court's review of a Commissioner's denial of disability insurance benefits is limited to two inquiries: (1) whether the Commissioner applied the correct legal standards in reaching a decision, and (2) whether the Commissioner's factual findings were 'supported by substantial evidence in the record as a whole.'" Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015)). "The Court will not, however, substitute its own judgement for that of the Commissioner's 'or determine de novo whether [the claimant] is disabled.'" Id., 516 F. Supp. 3d at 220 (quoting Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 122 (2d Cir. 2012)); see also Greek, 802 F.3d at 374-75 ("The disability within the meaning of the Act belongs to the Commissioner.").

Regarding the first inquiry, the Court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks and citation omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Edwards v. Comm'r of Soc. Sec. Admin., No. 22-CV-4345, 2023 WL 6173526, at *2 (S.D.N.Y. Sept. 22, 2023) (quoting Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008)).

3

Inquiry into whether the Commissioner's factual findings are supported by substantial evidence requires the reviewing court to "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (internal quotation marks and citation omitted)). "Substantial evidence" is "more than a mere scintilla." Ryan on Behalf of V.D.C. v. Comm'r of Soc. Sec., No. 21-2947-CV, 2022 WL 17933217, at *1 (2d Cir. 2022) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). The findings of the Commissioner as to any fact though, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). Thus, the relevant question is not whether substantial evidence supports Plaintiff's position, but whether "substantial evidence supports the ALJ's decision." Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original). This is a "highly deferential standard of review." Spellman v. Comm'r of Soc. Sec., No. 2:21-CV-05842, 2023 WL 5350845, at *9 (E.D.N.Y. Aug. 21, 2023) (citing Negron v. Berryhill, 733 F. App'x 1, 2 (2d Cir. 2018)).

### III.   DISCUSSION

**A.   The ALJ's Decision**

On June 28, 2022, ALJ Weiss found that Plaintiff was not disabled within the meaning of the SSA and denied Plaintiff's claims for disability insurance benefits. (Tr. 10-19.) Following the five-step process set forth above, ALJ Weiss determined that Plaintiff had met the insured status requirements of the Act; had not engaged in substantial gainful activity since the alleged onset date of July, 1, 2020; and had the severe, medically determinable impairments of degenerative joint disease of the bilateral knees; degenerative disc disease of the lumbar spine; and obesity (Tr. 13.)

At the fourth step, ALJ Weiss found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

4

impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 13.) ALJ Weiss found that Plaintiff had the residual functional capacity ("RFC") "to perform the full range of sedentary work as defined in 20 CFR 404.1567(a)." Based on this RFC, ALJ Weiss determined that Plaintiff could perform her past relevant work as a delivery clerk. (Tr. 18.) Accordingly, ALJ Weiss concluded that Plaintiff was not disabled, as defined by the SSA, from July, 1, 2020 through the date of his decision on June 28, 2022.

B.       **Plaintiff's Challenge**

Plaintiff asserts two points of error in support of her motion for judgment on the pleadings. (See ECF No. 8 at 11-15.) Specifically, Plaintiff asserts that ALJ Weiss's decision is not supported by substantial evidence because he: (1) failed to explain how the limitations assessed by Dr. Syeda Asad square with Plaintiff's RFC; and (2) failed to assess Ms. Gregoretti's ability to perform work activities on a function-by-function basis. (Id.) Plaintiff argues these failures constitute harmful error and thus require remand.

In opposition, the Commissioner counters that ALJ Weiss' decision is supported by substantial evidence. (ECF No. 9 at 14.) Specifically, the Commissioner argues that ALJ Weiss reasonably relied upon Dr. Assad's opinion and, despite ALJ Weiss' failure to assess Plaintiff's work activities on a function-by-function basis, his opinion is "easily understandable." (Id. at 17-19). The Commissioner asserts that remand is not warranted, because the decision adequately accounts for the Plaintiff's work limitations and did not err in finding that she had the RFC to perform the full range of sedentary work. (See id.)

Having carefully reviewed the record, the Court agrees with Plaintiff and finds that ALJ Weiss' decision improperly applied the regulations and is not supported by substantial evidence in the record.

### 1. ALJ Weiss' Decision Fails to Adequately Explain Dr. Assad's Opinion with Respect to the RFC

As described above, Plaintiff contends that ALJ Weiss erred by failing to adequately describe how Dr. Assad's opinion fits with his RFC determination. (ECF No. 8 at 12.) Dr. Assad opined that, due to Plaintiff's impairments, she had "marked limitations for squatting, kneeling, walking, and standing for a long period of time." (Tr. 454.) ALJ Weiss found Dr. Assad's opinion "persuasive" because "she was able to personally examine the claimant and her medical source statement aligns with limiting the claimant to sedentary work." (Tr. 17.) Moreover, ALJ Weiss found that "Dr. Asad's opinion acknowledges significant limitations in the claimant's exertional and postural movements, but does not express that she would be so limited that she would be unable to perform any sort of work activities." (Tr. 17-18.)

Although ALJ Weiss was persuaded that these marked limitations exist, he did not address any of them in his RFC finding and did not do a function-by-function analysis. Instead, his conclusion is limited to the terse statement that Plaintiff has the RFC to "perform the <u>full range</u> of sedentary work." (Tr. 13.) (emphasis added). Sedentary work is defined as:

> [W]ork involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). ALJ Weiss failed to explain how a marked limitation in walking is consistent with his implicit determination that Plaintiff could "occasionally" walk. <u>See e.g.</u>, <u>Edwards v. Commissioner</u>, 2018 WL 5859518, at *5 (W.D.N.Y. Nov. 9, 2018) ("If the ALJ is in agreement that plaintiff has a marked limitation as to climbing stairs, remand is necessary for the ALJ to explain how a marked limitation in that area is consistent with occasional stair climbing. The Social Security Regulations define 'occasionally' as 'occurring from very little up to one-third of the time.' The ALJ does not explain how a marked limitation would allow plaintiff to spend up

to one-third of his work day climbing stairs."); cf. Brady v. Colvin, No. 14-CV-5773, 2016 WL 1448644, at *5 (E.D.N.Y. Apr. 12, 2016) (remanding where the Commissioner found claimant could perform sedentary work but failed to properly consider medical evidence demonstrating claimant had "moderate to marked limitation to squatting, kneeling, bending, forward and moderate limitation to long periods of sitting, standing, walking, and heavy lifting."); Rowe v. Colvin, 166 F. Supp. 3d 234, 240 (N.D.N.Y. 2016) (remanding where ALJ determined that plaintiff could perform the full range of sedentary work despite adopting medical opinion of "marked limitations for bending and neck motion, reaching, pushing, pulling, lifting, and carrying.") At the very least, ALJ Weiss's RFC determination was, absent further explanation, deficient.[1]

The Commissioner counters that "even granting that it would have been preferable for the ALJ's ultimate RFC finding to have been formulated more specifically . . . Plaintiff does not even aver that this point is in any way material to the outcome of her claim." (ECF No. 9 at 19.) Essentially, the Commissioner argues that ALJ Weiss' decision is "easily understandable" because ALJ Weiss also found that that Plaintiff could perform her past work as a routing clerk and, according to Plaintiff's work history report, her "job did not require any stooping or kneeling . . . [and only required that] she stood or walked each for a total of a half hour in an eight-hour day." (Id.) Thus, the Commissioner asserts that Plaintiff is "abstract[ing] a sedentary RFC finding" that is not "material to her case." (Id.)

The Court is unpersuaded. While it is true that Plaintiff reported that her job only required that she walk for a half-hour per day—which could be consistent with a marked limitation in walking—the Commissioner completely ignores the fact that Plaintiff also reported that her job required her to "climb" for twenty minutes. (See Tr. 205 (indicating that Plaintiff's previous job

---

[1] The Court notes that although Dr. Assad opined that Plaintiff had a "marked" limitation for walking, Dr. Assad's opinion also indicated that Plaintiff could walk up to four hours per day. (Tr. 51.) ALJ Weiss, however, did not explicitly address or credit Dr. Assad's statement that Plaintiff could walk up to four hours per day. (See Tr. 15-16.) The ALJ may wish to address this point on remand.

as a routing clerk required "climbing" of 20 minutes each day, occasionally carrying files from the cabinets to desks, and walking and standing for a half hour each day)). The ALJ never conducted a function-by-function analysis so the Court is left to speculate as to what, if any limitations, Plaintiffs has with respect to climbing.² Moreover, the fact that Dr. Assad opined that Plaintiff had "marked limitations for squatting, kneeling, walking, and standing for a long period of time" suggests that Plaintiff would likely have some climbing limitations. Additionally, the work history report that Plaintiff filled out does not provide any further detail about the type of climbing that her former job entailed and the ALJ did not flesh this issue out at the hearing. The Commissioner's harmless error argument simply requires this Court to make too many inferential leaps. The Court refuses to speculate in this manner and therefore rejects the Commissioner's argument that the ALJ's error was not potentially material to Plaintiff's case.

The Court finds that the Commissioners' decision is not based on substantial evidence and must be reversed and remanded for further proceedings.

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for judgment on the pleadings and DENIES the Commissioner's cross-motion. This matter is REMANDED for proceedings consistent with this Memorandum and Order. On remand, the ALJ should assess Plaintiff's functional limitations on a function-by-function basis, and explain how the ALJ's RFC

---

² Pursuant to applicable policy, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may [the] RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996). Plaintiff argues that, standing alone, ALJ Weiss's failure to perform a function-by-function analysis warrants remand. While an ALJ's failure to conduct a function-by-analysis may be insufficient on its own to require remand (see Cichocki v. Astrue, 729 F.3d 172, 173-74 (2d Cir. 2013)) here, the ALJ's failure to conduct this function-by-function analysis is one reason why this Court is unable to find that the ALJ's other error was harmless. The ALJ failed to address relevant limitations and instead summarily concluded that Plaintiff could perform the full range of sedentary work. See Gomez v. Saul, No. 1:19-CV-04708, 2021 WL 1172674, at *13 (S.D.N.Y. Mar. 29, 2021) ("In contrast to Cichocki, remand is warranted here because the ALJ did not address all of Plaintiff's relevant limitations. . .") As this case is already being remanded for the reasons set forth above, the Court also directs the ALJ to conduct a function-by-function analysis of Plaintiff's RFC on remand.

determination squares with any and all limitations, and, if necessary to the ALJ's decision, explore the extent of climbing that was required in Plaintiff's past work.

It is further ORDERED that the Clerk of The Court is respectfully directed to enter judgment accordingly and close this case.


**SO ORDERED.**
Dated:   March 7, 2025
        Central Islip, New York

                                                  /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE